# Christopher *v.* Shockley, *et al.*

### Bill to Foreclose Mortgage.

(Decided February 1, 1917. Rehearing denied May 17, 1917.
75 South. 158.)

1. **Vendor and Purchaser; Bona Fide Purchaser; Record as Notice.**—So far as notice to subsequent purchasers is concerned, the only duty resting upon a mortgagee is the due registration of his mortgage in the office of the probate judge, which is conclusive notice to all the world of everything appearing from the face of the mortgage.

2. **Mortgages; Adverse Possession; Hostile Character of Possession; Knowledge of Hostile Character.**—A mortgagor or his grantee, holding adversely to the mortgage, must either expressly disclaim subordination to the mortgage, or show acts of insubordination, known to the mortgagee, which are inconsistent with further recognition of the mortgagee, and which fairly suggest to the mortgagee the hostile intention of the occupant, and this is not accomplished by mere exclusive possession and claim of title as against the world in general, nor by any of the customary acts of ownership and enjoyment, as the mortgagor is entitled to such claim, possession, and use, and, as against a mortgagee, such acts import no change from a permissible to a hostile possession.

3. **Mortgages; Burden of Proof; Possession Become Adverse.**—A mortgagor's grantee, claiming title by adverse possession as against the mortgagee, has the burden of showing that the possession was adverse, and contained or carried with it all the elements requisite or necessary to make it adverse.

4. **Mortgages; Hostile Possession; Knowledge of Hostile Character.**— Where a mortgage was executed and recorded in 1888 and the mortgaged land in 1898 was sold to defendant, who had no actual knowledge of the mortgage until 1909, the mortgagee's knowledge of the sale that defendant was living on the land did not charge her with notice of any repudiation of the mortgagee's right by the defendant, and his possession never became adverse to her.

5. **Mortgages; Foreclosure; Laches; Estoppel.**—Where, though more than 20 years had elapsed since the execution of a mortgage, which was duly recorded, the debt had been kept alive by the mortgagor's recognition thereof, and the mortgagee had never discharged the debt or released the land from the mortgage or done anything to deceive the mortgagor's grantee with respect to its existence, there was no laches or estoppel preventing a foreclosure.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Bill by Susan A. Christopher, in her individual right and as executrix, against J. P. Shockley and others, to foreclose a mortgage. Decree for respondents, and complaint appeals. Reversed and remanded.

[Christopher v̇. Shockley, et al.]

Complainant claims to foreclose a mortgage executed by one J. P. Shockley and wife, daughter and son-in-law, to her husband, William Christopher, in April, 1888, and recorded in May, 1888. William Christopher, the husband, is dead, and she claims under the will of the said William Christopher as executrix and legatee. In December, 1898, Shockley sold the mortgaged land for its full value by warranty deed, to one H. A. Wise, the deed not having been recorded, and in January, 1899, Wise entered and exclusively occupied the land, openly, notoriously, and continuously for more than 10 years, claiming it against the world as his own. He had no actual notice or knowledge of the Christopher mortgage until about 1909, as neither Shockley nor Mrs. Christopher ever mentioned its existence to him.   Mrs. Christopher was informed by Shockley of his sale of the land to Wise in December, 1898, and during the years 1899, 1900, 1901, she sometimes passed by the place which was then occupied by Wise as a residence; the house being within 50 yards of the roadway.   On submission for final decree the chancellor found that complainant was not entitled to a decree of foreclosure, and dismissed the bill of complaint.   It further appeared that Wise had assessed and paid taxes on the land regularly since he bought it.   The sufficiency of the bill on demurrer was determined on a former appeal in this case in *Shockley v. Christopher*, 180 Ala. 140, 60 South. 317.

CULLI & MARTIN for appellant.   GOODHUE & BRINDLEY for appellee.

SOMERVILLE, J.— (1) So far as notice to subsequent purchasers is concerned, the only duty resting upon a mortgagee is the due registration of the mortgage in the office of the probate judge, which is conclusive notice to all the world of everything that appears from the face of the mortgage.

Eliminating from consideration those matters which are not material, the only issue in this case—the issue which must control the result—is whether or not the complainant, Mrs. Christopher, had knowledge or notice of the fact that the respondent, Wise, was claiming to own the mortgaged land in his own right and in hostility to her mortgage, during the period of his alleged adverse possession.   If she had such knowledge, or its legal equivalent, then Wise's possession was adverse as to her, and ripened into a title paramount.   If she had not such knowledge, or its legal equivalent, then Wise's possession, however long con-

tinued, was not adverse to complainant's rights as mortgagee, and could not ripen into a title paramount.

What is necessary to constitute an effective adverse possession by a mortgagor or his alienee, as against the mortgagee, has been often declared by this court. Prima facie, a mortgagor or his alienee holds in subordination to the title of the mortgagee, and not adversely thereto. "Until foreclosure, the mortgagor owns the equity of redemption. This he may alien or transfer to another. It cannot be known, without some overt act, throwing off allegiance, that the mortgagor or his vendee is not quietly enjoying the possession of the equity of redemption, at all times acknowledging the rights of the mortgagee."—*Boyd v. Beck*, 29 Ala. 703, 714; *Byrd v. McDaniel*, 33 Ala. 18; *Coyle v. Wilkins*, 57 Ala. 108.

In harmony with previous decisions, this court said in *State v. Conner*, 69 Ala. 212, per STONE, J.: "When a mortgagor, after the execution of the mortgage, makes sale of the mortgaged premises to a third person, who has notice, actual or constructive, of the prior mortgage, the presumption is that he sells only the interest remaining in him, which is an equity of redemption. And, as the mortgagor does not hold adversely, but in subordination to the title of the mortgagee, the presumption is that the alienee * * * holds in the same right, and asserts no higher, or independent title. So, if such transaction be left to its own legal intendments, the presumption is that the alienee, like his vendor, holds in recognition of, and subordination to, the prior and paramount title of the mortgagee. This, without more, is not an adverse holding, which will ripen into a title at the end of 10 years of continued occupation. To convert such a possession into an adverse holding, there must be a renunciation or disclaimer of the mortgagee's right, and that renunciation must be traced to his knowledge. Till that is done, such possession is not regarded as adverse."

(2) This means that the adversely holding mortgagor or his alienee must either expressly disclaim subordination to the mortgage, or else he must show acts of insubordination, known to the mortgagee, which are inconsistent with further recognition of the mortgage title, and which fairly suggest to the mortgagee the hostile intention of the occupant. Manifestly this is not accomplished by mere exclusive possession and claim of title as against the world in general, nor by any of the customary acts

[Christopher v. Shockley, et al.]

of ownership and enjoyment. For the mortgagor or his alienee, as owner of the equity of redemption, is entitled to such claim, possession, and use as against the world in general; and, as against the mortgagee, those acts import no change from a permissive to a hostile possession. Hence the notice to the mortgagee must be specifically of a holding that is hostile to his mortgage.

(3) In this, as in all other cases of adverse possession, the burden is upon the claimant "to show, not only the fact of possession, but to show also that his possession was adverse, and that it contained, or carried with it, all the elements requisite or necessary to make the possession adverse."—*Alexander City, etc., Co. v. C. of Ga. Ry. Co.*, 182 Ala. 516, 62 South. 745.

(4) In the instant case the only facts brought to the knowledge of the complainant mortgagee, directly or indirectly, are that Srockley had sold the land to Wise in December, 1898, and that Wise was living on it for several years thereafter. This falls very far short of charging her with notice of any repudiation of the mortgagee's right by Wise, and hence his possession never became adverse to her.

(5) The record presents no issue of either laches or estoppel. The evidence shows that the mortgage debt was kept alive by the mortgagor's recognition thereof, although more than 20 years had elapsed since its creation.—*Shockley v. Christopher*, 180 Ala. 140, 60 South. 317. And whatever may have been the mortgagee's intentions as to the enforcement or abandonment of her claim, it does not appear that she has ever discharged the debt or released the land from the mortgage, or done anything to deceive Wise with respect to its existence. As already pointed out, she was not required to do anything in this regard except to register the mortgage for recordation. A purchaser who ignores such notice cannot visit his ignorance and loss upon the prior mortgagee.

Our conclusion is that the complainant is entitled to the relief prayed, the foreclosure of her mortgage, and that the trial court erred in its decree denying relief and dismissing the bill of complaint.

Let the decree be reversed and the cause remanded, for further proceedings in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.