Plaintiffs, George and Elsie Boros, appeal from the Jefferson County Circuit Court's grant of summary judgment against them and in favor of defendants, Gwen Palmer and Johnston-Rast Hays. We affirm.
On December 4, 1979, a real estate agent employed by Johnston-Rast Hays Company showed George Boros a house located at 3432 Meadowoods Drive in Birmingham. After Boros had inspected it with Palmer, he executed a contract for its purchase. The house was built by Shewmake Development Company, and Jack Shewmake lived in it from the time it was built until it was sold, which was approximately one and one-half years. While Boros and Palmer were looking at the house, and afterward during negotiations, Palmer made several representations about its quality, among them: "it was extremely well-built," "in excellent condition," "energy efficient," *Page 1022 
"was thoroughly waterproofed," and "had extra insulation."
Boros took possession of the house on February 1, 1980. Over the next day or so, he inspected it, in his words, "with a fine tooth comb." During this inspection, he kept detailed notes concerning the defects he found. This note-keeping practice was not peculiar for Boros, as he admitted in his deposition that he was in the habit of keeping detailed notes of the important events in his life and the dates upon which they occurred. As a result of this inspection, Boros noted approximately forty
defects in the premises, including the following listing quoted from his notes:
— Woodwork scratched and dented throughout
— Closet doors improperly constructed and warped
— Dryer part open to outside — no vent door
 — Master bedroom door not plumb — construction defect
— Garage door frame warped — construction defect
 — Crack in garage floor had gotten larger and wider since last visit
— New crack in garage floor by heat pump
 — Cabinets were poorly built — lattice work at an angle, not finished on inside — construction defect
— Water stains in ceiling panel in basement
— Water stains on basement storeroom wall
 — Signs of flooding on garage door frame — appeared to be water heater
 — Cracks in driveway; crushed rock exposed; driveway appeared to be shifting
All of these defects, as well as numerous others, were discovered by Boros on either February 1 or 2, 1980.
On February 7, 1980, Boros talked with James Stevens, the attorney who handled the closing, about the possibility that he had been defrauded, as is evidenced by the following excerpt from Boros's deposition:
 Q. All right, sir. So that I'm correct and that I understand and the record correctly reflects: On February 7, 1980, you discussed the possibility of having been defrauded with an attorney; is that correct?
A. Yes.
 Q. And on February the 7th, 1980, that attorney told you that it looked serious enough that you ought to get legal counsel; is that correct?
A. Yes.
Stevens declined representing Boros in a fraud action, due to his involvement as closing attorney. On February 12, 1980, Boros sought the advice of Attorney Matt Scalici concerning the possibility of fraud litigation. Boros met with another attorney, John Roach, on February 13, 1980, and later that month with Attorneys Bill Baxley and Charles Dauphin, seeking information about a possible fraud action.
During the time in which he was meeting with these attorneys, Boros was also attempting to have Shewmake repair the defects in the house. Boros's deposition reflects that this took place on or before February 12, 1980:
 Q. Now, in reference to some of your complaint, or in reference to all of your complaints: what, if anything, has Jack Shewmake told you about those complaints of yours?
A. Well, he told me that — well —
Q. Did he tell you if he would rectify them or not?
 A. He refused. On the 12th, according to Gwen Palmer, he said that he refused —
Q. Prior to the 12th.
 A. Prior to the 12th? Yes, oh, yes, when he was out a couple of times, when I showed him the things underneath the, the missing threshold under the inside of the garage door, he said — and showed him the bricks were wrong, he promised to fix those. He hadn't repaired the bricks as required by the contract, prior to possession. But he said there, while we were on the landing and I told him about the threshold, and I told him about *Page 1023 
these other problems, the flooding and everything else, he said, "I don't know why these things should bother me — bother you, they don't bother me." I said, "Jack," I said, "The threshold, there's a gap of a half an inch to an inch." I said, "Look at the air that's coming in here, and look at the air that's coming in under the other outside doors." And I said, "This flooding looks like it's serious." And he said, "I don't know why it should bother you, it doesn't bother me."
This action was commenced by the filing of a complaint on February 13, 1981. After depositions were taken, defendants filed motions for summary judgment, which were denied by the court. More depositions were then taken, and after the case was continued numerous times, it was tried and a mistrial resulted. Defendants then filed motions for summary judgment, which were granted. George and Elsie Boros subsequently filed this appeal.
Although there are other grounds upon which the trial judge probably could have granted summary judgment in this case, they were not argued in brief to us, and we will not address them. A trial judge's judgment can be upheld, if correct, even though he has assigned the wrong reasons. However, as postured, the sole issue for our review is whether the trial court was correct in granting defendants' motions for summary judgment based on the running of the statute of limitations.
George and Elsie Boros filed suit alleging fraud on the part of all defendants. The false statements which serve as the basis of this action were those representations made by Gwen Palmer concerning the condition of the house. These representations, however, were made to George Boros on December 4, 1979, and the suit was not filed until February 13, 1981. Therefore, the suit is barred by the one-year statute of limitations for fraud actions. § 6-2-39, Code 1975. However, plaintiffs' suit still might warrant being submitted to the jury if they could prove that the fraud claims fall under the saving provision of Code 1975, § 6-2-3, which states:
 In actions seeking relief on the ground of fraud where the statute has created a bar, the cause of action must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his suit.
There are two reasons why plaintiffs' suit does not fall under the above-quoted saving provision. A discussion of both of these reasons is found in Johnson v. Shenandoah Life Insurance Company,291 Ala. 389, 281 So.2d 636 (1973), wherein this Court stated:
 "A party, availing himself of this statute, would be required to aver, with precision, the facts and circumstances constituting the fraud — how and when these facts were discovered, what prevented a discovery before the bar of the statute was complete — and to acquit himself of all knowledge of facts which ought to have put him on inquiry."
This court also said:
 "Broadly speaking, the facts constituting the fraud are to be considered as discovered when they ought to be discovered, when such facts come to knowledge as provoke inquiry in a person of ordinary prudence, and which, if followed up, would lead to the discovery of the fraud. But this rule is not to be so applied as to defeat the ends of the statute. Fraud, in the nature of it, implies that the party has been misled and that, by the wrong of another, he is accepting and resting in a false sense of security. A party thus situated is not required to presume fraud or suspect it, until something comes to him leading a just person to suspect and make inquiry." [Emphasis added.]
291 Ala. 389 at 396, 281 So.2d at 642, quoting Williams v.Bedenbaugh, 215 Ala. 200, 204, 110 So. 286, 289 (1926).
The first reason plaintiffs' action does not come under the saving provision is that they failed to aver with precision, as *Page 1024 
required, what prevented a discovery of the facts and circumstances constituting the fraud before the bar of the statute was complete. Moreover, there is credible evidence that George Boros was well aware of such facts and circumstances before the time period expired, as the statements were made in December 1979, and he had discovered dozens of defects in the house the first week of February 1980.
Second, according to Johnson, supra, the facts constituting fraud are to be considered as discovered when they should have been discovered by a reasonably prudent person. We are of the opinion that George Boros had sufficient facts before him concerning the condition of the house, before February 13, 1980, which would have led a reasonably prudent person to suspect something and, therefore, take affirmative action.
Since plaintiffs have not shown that their suit comes under the saving provision, it is barred by the one-year statute of limitations. The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.