This is an action for fraud and deceit seeking damages or rescission of a land sale contract and the note and mortgage executed pursuant thereto. Defendants filed a counterclaim for the balance due on the note. At the close of plaintiffs' evidence, the trial court entered a directed verdict for the defendants on both the complaint and the counterclaim, holding that the statute of limitations had run on the fraud claims because the plaintiffs should have discovered the alleged fraud more than one year before they brought suit.
On September 7, 1979, Shelby W. McCaig and his wife, Brenda McCaig, deeded to Roy Geans and his wife, Gail Geans, the following described property:
 "Lots 17, 18, and that part of Lot 19 lying South of Frankfort Road, all in Government Park Addition # 2, a subdivision in Colbert County, Alabama known and designated according to the plat in Map book 2, page 361 in the Office of the Judge of Probate."
On December 20, 1983, Mr. and Mrs. Geans filed their complaint in this case.
The complaint alleges that Shelby McCaig represented to Roy Geans that the property consisted of five acres or more and that McCaig walked the property line with Geans and stated that the property extended to a fence on the southern boundary. The complaint alleges further that the true line falls short of the fence by 100 feet or more and that the property contains less than 2 1/2 acres. Geans allegedly told McCaig that he intended to develop the property as a mobile home park and that he needed six acres for that purpose. In avoidance of the statute of limitations, the complaint alleges that the plaintiffs did not discover the fraud until March 1983, when, they say, they received word from the owner of the property to the south that they were encroaching on her property.
The plat of Government Park Addition # 2 shows each of the three lots to be 122 feet wide. Lot 17 is 305 feet long from its north to its south boundary; lot 18 is the same length on one side, but its northwest corner is cut off by Frankfort Road; lot 19 is approximately one-third smaller than lot 17 because of the intersection of Frankfort Road. Simple calculation shows lot 17 to be smaller than one acre; with the two other lots being smaller, the whole could not make up more than 2 1/2 acres. A survey taken after this controversy arose shows that the fence ranges between 65 and 75 feet south of the southern boundary of the lots as described on the plats.
Code 1975, § 6-2-3, provides:
 "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year[1] within which to prosecute his action."
For purposes of this provision, facts constituting fraud are considered to have been discovered when they ought to have been discovered through reasonable diligence. Boros v. Palmer,472 So.2d 1020 (Ala. 1985); Papastefan v. B L Construction Co.,385 So.2d 966 (Ala. 1980).
The McCaigs raised the statute of limitations as a defense in their answer, but they did not file a motion for summary judgment. In ruling on their motion for directed verdict, the court observed as follows:
 "[T]he Court is of the opinion that this should have been discovered before now. One reason is, I guess, the plat — the description on the deed which you received refers to lots and is of record and it shows the dimensions. And I did some figuring in my office a few minutes ago, just real quick, and they are easy to see, just a rough estimate, maybe two or more acres — a little over two acres it looks like; and it's open to the public and *Page 1310 
you had an attorney, I believe, to draw up the deed and it reflects it in that. And just going over to the courthouse and looking at the plat which shows the dimensions of the lots that you bought, and I think you are barred by the statute of limitations of one year. And that's what the Court is basing it on; I think that's a correct decision. Anything else?
 "Mr. Osborn: Is the Court taking into consideration the testimony in its verdict? Directed verdict?
 "By the Court: Yes, I know a motion for summary judgment was never filed; if it had been filed, we would have heard it and I would have granted it before it ever came to trial; it wouldn't have gotten this far."
The trial court did not err in ruling as it did. The judgment is affirmed.
AFFIRMED.
MADDOX, SHORES, HOUSTON, and STEAGALL, JJ., concur.
[1] Now two years. 1984-85 Ala. Acts, Act No. 85-39, p. 40, 2d Special Session 1984-85. See also Code 1975, § 6-2-39(a)(5) (repealed by Act 85-39) and § 6-2-38(l) (as amended by Act 85-39).