Defendants Allen Group Leasing Corporation ("Allen Group") and Fred Lee appeal from a $105,750.15 judgment based on a jury verdict in favor of the plaintiffs, Bruce McGugin and Elaina Corporation (together referred to hereinafter as "McGugin"), on a two-count complaint seeking a declaratory judgment and damages for fraud. The jury found for McGugin on the declaratory judgment count and the court declared the lease agreement unenforceable. The jury also found for McGugin on Allen Group's counterclaim for a deficiency of $4,745 owing under an alleged written lease agreement. *Page 23 
Allen Group and Lee argue that the fraud count was barred by the statute of limitations.
McGugin is president of Elaina Corporation, which operates an Exxon gasoline service station in Mobile. Defendant Free Lee is a sales person for Allen Test Products, which sells automotive testing equipment. Sometime in the late summer or early fall of 1981, Lee approached McGugin on several occasions, attempting to sell McGugin an engine analyzer called a "Smartscope." McGugin claims that during their negotiations Lee told him that if he leased the Smartscope, he could cancel the lease at any time with no further obligation. Lee denies representing this to McGugin, who agreed to lease the engine analyzer for 60 months with monthly rental payments of $689.
On October 2, 1981, Vicki McGugin, secretary of Elaina Corporation, received a written lease agreement dated September 30, 1981, from Allen Group, which financed the arrangement. Although Lee testified at trial that he reviewed the multi-page lease agreement with McGugin and that McGugin took it into a separate office and signed it, McGugin denied ever seeing or signing the document. Vicki McGugin admitted receiving the papers, but stated that she did not read them and that she filed them at the service station instead.
By October 1983, McGugin found the monthly payments on the Smartscope to be burdensome and contacted Lee about ending the lease. Although McGugin testified that Lee came by the station and indicated he would find another place for the machine, Lee denied having any contact with McGugin during 1983. On January 31, 1984, McGugin wrote Allen Group and asked if it would accept lower monthly payments until Lee found someone else to assume the lease and remove the Smartscope from the service station. On March 14, 1984, McGugin received a letter from Allen Group that listed four options available to him, one of which was that he could allow Allen Group to take the Smartscope back and place it with another customer, as McGugin alleges Lee had already told him he could do.
It was not until February 6, 1986, that Allen Group repossessed the Smartscope and demanded the deficiency allegedly owing under the lease. It was in either February or May 1986 that McGugin read the documents in his possession and discovered that his signature had been forged. Subsequently, he filed suit on September 12, 1986.
The statute of limitations for fraud is two years, Ala. Code 1975, § 6-2-38(l) (amended 1985), and the running of the statutory period is tolled until the discovery of the fraud by the aggrieved party, § 6-2-3; Bank of Red Bayv. King, 482 So.2d 274 (Ala. 1985). The question of when a party discovered or should have discovered fraud so as to begin the running of the statutory period of limitations is generally for the jury. Deupree v. Butner,522 So.2d 242 (Ala. 1988); Myers v. Geneva Life Insurance Co.,495 So.2d 532 (Ala. 1986). There was evidence that Lee told McGugin on two occasions that Allen Group would relieve McGugin of the Smartscope without further obligation, and that Lee's assurances induced McGugin to rely on Lee's oral representations rather than resort to the alleged written lease agreement. The record discloses no reason for McGugin to have suspected fraud on the part of Allen Group and Lee until he read the written lease and discovered that his name had been forged to that writing. The jury could have determined that at that point McGugin had, for the first time, reason to believe that the defendants had never intended to honor their agreement to take back the Smartscope upon his request.
Because there was evidence justifying McGugin's delay in discovering the fraud, the jury could properly find that the statutory limitation period had not expired. The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur. *Page 24