A.B. and Marguerette Haines appeal from a judgment in favor of Wayland and Mildred Tonning based on an alleged misrepresentation regarding the state of title to a tract of land conveyed to the Tonnings by the Haineses. We reverse.
On April 12, 1974, A.B. and Marguerette D. Haines conveyed to W.G. Burleson by warranty deed a tract of land located on the western shore of the Bear Creek embayment of Pickwick Landing Lake in Colbert County. (This tract will be referred to as the "Burleson tract.") Mr. Burleson immediately recorded the deed. On July 28, 1975, A.B. and Marguerette D. Haines conveyed to Wayland A. and Mildred T. Tonning by warranty deed a tract of land adjacent to the Burleson tract. (This second tract will be referred to as the "Tonning tract.") In 1977, the Tonnings began *Page 1309 
building a house on their tract and drilled a well for a water supply.
In May 1987, a real estate broker who had been hired to sell the Burleson property visited the Burleson tract and discovered a 110-foot "overlap" in the deeds to Mr. Burleson and the Tonnings. Both deeds purported to pass the same strip of land at the point where the Burleson and Tonning tracts joined. The well drilled by Mr. Tonning was on the disputed strip of land. On June 29, 1987, Rosabel Burleson, successor to W.G. Burleson, conveyed the Burleson tract, including the disputed strip, by warranty deed to C.M. and Mary Whitaker.[1]
On April 5, 1988, the Tonnings sued Mr. and Mrs. Haines. The three-count complaint alleged that the defendants had (1) failed to clear the title to the property, (2) misrepresented that they possessed "good and marketable title" to the disputed strip, and (3) failed to disclose the fact of the prior conveyance. On October 20, 1988, the Tonnings amended their complaint to add C.M. and Mary Whitaker as parties-defendant. The amended complaint alleged that the Whitakers were in unlawful possession of the disputed strip as a result of their deed of June 29, 1987.
The Whitakers answered the amended complaint and defended the allegations on the ground that their title was superior to that of the Tonnings. On December 30, 1988, the Whitakers filed a counterclaim against the Tonnings, in which they claimed title by adverse possession. In addition, the Whitakers also filed a crossclaim against Mr. and Mrs. Haines, alleging (1) breach of the covenants of possession and quiet enjoyment, and (2) slander of title.
On February 21, 1989, the Tonnings restated Count I of their complaint expressly to allege breach of covenants of title and the covenant for possession and quiet enjoyment. On July 21, 1989, the Whitakers added Rosabel Burleson as an additional defendant and filed a cross-claim against her, seeking indemnity under the warranties of the deed of June 29, 1987, in case the Tonnings were successful in their claim of adverse possession.
Mr. and Mrs. Haines defended the various allegations on the grounds that the claims by the Tonnings were barred by the statute of limitations and that the overlap was the result of a mutual mistake by the parties. They also sought a reformation of the deed to the Tonnings.
The case was tried on all issues on October 12, 1989. On November 17, 1989, the Tonnings and the Whitakers signed a settlement agreement in which the Tonnings agreed to quitclaim their interest in the disputed property to the Whitakers in return for an easement for the use and operation of the well that the Tonnings had drilled on the disputed property. Under the agreement, the Tonnings were entitled to all damages awarded by the court against Mr. and Mrs. Haines. The two parties also agreed to dismiss their mutual claims and counterclaims.
On November 21, 1989, the Honorable Inge Johnson, Colbert County Circuit Court Judge, dismissed the claims of the Whitakers and the Tonnings against each other, pursuant to the settlement agreement. In addition, Judge Johnson entered an interlocutory order expressly finding that the Tonnings were "entitled to recover damages [in the amount of $15,000] from the Defendants, A.B. Haines and wife, Marguerette Haines under Count II of their complaint as amended." (Emphasis added.) The judge then certified her ruling on the Tonnings' claim for misrepresentation as a final judgment, pursuant to Ala.R.Civ.P. 54(b). On appeal, Mr. and Mrs. Haines reassert their contention that the misrepresentation claim, as stated in Count II of the amended complaint, is barred by the statute of limitations. We agree.
An action based on misrepresentation must be commenced within two years of the date of the plaintiff's actual or constructive notice of the misrepresentation. Ala. Code 1975, §§ 6-2-3, 6-2-38(l); AllenGroup Leasing Corp. v. McGugin, 537 So.2d 22 (Ala. 1988). Thus, the period *Page 1310 
prescribed by the statute for filing a claim begins to run when the plaintiff, in the exercise of ordinary care, should have discovered the misrepresentation. Geans v. McCaig, 512 So.2d 1308 (Ala. 1987); Seyboldv. Magnolia Land Co., 376 So.2d 1083 (Ala. 1979).
Under Ala. Code 1975, § 35-4-90, the proper recordation of an instrument constitutes "conclusive notice to all the world of everything that appears from the face" of the instrument. Christopherv. Shockley, 199 Ala. 681, 682, 75 So. 158, 158 (1917). Thus, purchasers of real estate are "presumed to have examined the title records and knowledge of the contents of those records is imputed [to them]." Walker v. Wilson, 469 So.2d 580, 582 (Ala. 1985) (quoting J.H. Morris, Inc. v. Indian Hill, Inc., 282 Ala. 443,212 So.2d 831 (1968)).
As the Tonnings concede, the fact that Mr. and Mrs. Haines did not possess marketable title to the disputed tract at the time of the purported conveyance to the Tonnings was apparent on the face of the duly recorded deed from the Haineses to W.G. Burleson. The recordation of that deed provided constructive notice to the Tonnings regarding the alleged misrepresentation. Therefore, the period prescribed by the statute during which to file a claim alleging misrepresentation began no later than the execution of the deed from the Haineses to the Tonnings in 1975, and it ended in 1977 — 11 years before the initiation of this action.
Because only the misrepresentation claim is presented for review, we restrict our opinion to that issue and do not address any questions regarding the plaintiffs' other claims. For the foregoing reasons, the judgment is reversed and the case is remanded to the trial court for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.
[1] The extent of the Whitakers' knowledge of the title defect was disputed at trial.