In early February 1989, Michael P. Clay and Karen E. Clay purchased a new house in the Bentley Woods Subdivision in Mobile; on February 28, the house was severely damaged by a flood. On March 21, 1990, the Clays sued their realtor and the builder of the house, alleging negligence, fraud, misrepresentation, and breach of an implied warranty as to the new residence.[1] In count five of their complaint, the Clays alleged negligence against unknown parties who platted and developed the Bentley Woods Subdivision, alleging that those parties designed and implemented an inadequate drainage system and that that drainage system caused the flooding. On July 31, 1991, the Clays amended the complaint to add Walden Joint Venture (hereinafter "Walden") as a defendant, alleging that it was the developer of the Bentley Woods Subdivision. Walden subsequently moved for a summary judgment, which the trial court entered. The Clays appeal.
A summary judgment is proper and must be affirmed on appeal if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; Webb v. Henderson, 594 So.2d 103 (Ala. 1992).
The dispositive issue is whether the Clays sued Walden within the two-year limitations period allowed by Ala. Code 1975, §6-2-38. The Clays admit that their cause of action accrued on February 28, 1989, the date of the flooding, and that Walden was not substituted for the fictitious parties until 29 months later. However, they argue that their claim against Walden was not time-barred, because, they say, the substitution was proper and related back to the time of the filing of the original complaint.
When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name. Rule 9, A.R.Civ.P. Such an amendment relates back to the date of the original pleading. Rule 15(c), A.R.Civ.P.
In order to invoke the relation-back principles of Rules 9 and 15(c), a plaintiff must meet the following criteria: (1) the plaintiff must state a cause of action against the fictitiously named party in the body of the original complaint, and (2) the plaintiff must be ignorant of the identity of the fictitiously named party, in the sense of having no knowledge at the time of the *Page 256 
filing that the later-named party was, in fact, the party intended to be sued. Dannelley v. Guarino, 472 So.2d 983
(Ala. 1985). If the plaintiff knows the identity of the fictitiously named parties or possesses sufficient facts to lead to the discovery of their identity at the time of the filing of the complaint, relation back under fictitious party practice is not permitted and the running of the limitations period is not tolled. Miller v. Norwood Clinic, 577 So.2d 860
(Ala. 1991).
Here, the record indicates that the Clays had constructive knowledge of Walden's identity before their claim accrued. The Clays' deed shows the exact volume and page number where the plat of their property is recorded in the map book in the Mobile County Probate Court. This recordation clearly shows that Walden is the "platter" and "developer" of the subdivision and that the plat was executed by realtor Richard O. Rowan as owner of Walden. Under Ala. Code 1975, § 35-4-90, the proper recordation of an instrument constitutes conclusive notice to all the world of everything that appears from the face of the instrument. Haines v. Tonning, 579 So.2d 1308 (Ala. 1991). Purchasers of real estate are presumed to have examined the title records, and knowledge of the contents of those records is imputed to them. Haines, supra.
The record further indicates that the Clays had actual notice of Walden's identity before they filed their claim. In the days immediately following the flood, Karen Clay contacted the Mobile city engineer's office to determine whether the house was built on a flood plain. It is undisputed that she took notes during this conversation; the notes were included in the evidence, and they were described in Karen Clay's deposition as follows:
"Q. Do you know what that yellow note is . . .?
 "A. Just some notes that I made when I had called to find out what zone we were in.
 "Q. Why would you have called to find out what zone you were in?
"A. Because we had already been flooded.
"Q. You wanted to see if you were in a flood zone?
"A. Un-huh (in the affirmative).
"Q. Is there a date on there?
"A. I don't see one.
"Q. Would you have done that in February of '89?
 "A. I'm sure I did. I'm sure it was after we had been flooded, and I'm sure it was shortly thereafter.
". . . .
 "Q. And would you read the rest of [the note]. It says —
 "A. Baldwin [sic] Joint Venture and Richard O. Rowan, planning commission, engineer, Thomas or John Murphy, which I'm assuming were the city engineers for the planning commission. And Richard O. Rowan was the developer."
Despite having this information from the city engineer within a month after their cause of action accrued, the Clays did not name Walden as a defendant until 29 months after the action had accrued.
Because the Clays had actual and constructive knowledge of Walden's identity when they filed their complaint, they cannot invoke the relation-back principle. Therefore, Walden was entitled to a judgment as a matter of law. The summary judgment is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] The realtor and the builder are not parties to this appeal. *Page 257