The plaintiffs Joseph Lott, Jr., and his wife Jenith Lott appeal from a summary judgment entered by the Mobile Circuit Court in favor of the defendants Eugene Tarver and his wife Therese Tarver. We affirm.
In late 1992, the Tarvers placed their home on the market, listing it for sale at $79,500. In February 1993, the Lotts looked at the property and became interested in purchasing it. The Tarvers offered to sell the house to the Lotts for $58,000 and the Lotts accepted. According to the Lotts, the Tarvers told them the house was subject to a 10-year mortgage and that the Tarvers had been paying on the mortgage for approximately three years. The Tarvers deny making any representations about the length of the mortgage or the number of years they had been making payments on it.
The Lotts were unable to obtain bank financing for the purchase, and their attempt to assume the mortgage, which was held by Commercial Credit Corporation, was also unsuccessful. On March 9, 1993, the Lotts entered into a contract to purchase the Tarvers' home pursuant to the execution of a vendor's lien deed and a promissory note. The vendor's lien deed provided, in pertinent part:
 "KNOW ALL MEN BY THESE PRESENTS, that EUGENE TARVER and THERESE TARVER, husband and wife, hereinafter referred to as grantors, in consideration of the sum of Fifty-eight Thousand and 00/100 Dollars ($58,000.00), of which the sum of Sixteen Thousand and 00/100 Dollars ($16,00.00) is hereby acknowledged to have been received by the grantors from JOSEPH G. LOTT, JR. and JENITH D. LOTT, hereinafter referred to as grantees, do hereby GRANT, BARGAIN, SELL AND CONVEY unto the said grantees, during their joint lives, and upon death of either of them, then to the survivor of them, subject to the provisions hereinafter contained, all that real property in the County of Mobile, State of Alabama, described as follows, to wit:
". . . .
 "SUBJECT TO: The conveyance of the above described property and all warranties of the Grantors hereunder (whether express or statutory) is made *Page 396 subject to that certain mortgage executed by Eugene Tarver and Therese Tarver to Commercial Credit Corporation, dated January 23, 1992 and recorded in Real Property Book 3830, Page 447 of the records of the Office of The Judge of Probate of Mobile County, Alabama, which is not assumed by the grantees but which the grantors agree to continue to pay in accordance with the terms thereof.
". . . .
 "The unpaid balance of said purchase money, to wit: the sum of Forty-two Thousand and 00/100 Dollars ($42,000.00), to secure payment of which a lien upon the property above described is hereby reserved, is represented by one promissory note of even date herewith in said principal sum plus interest thereon from date at the rate of 14.75% per year, made by grantee payable to grantors, or order, according to the tenor and effect of said note."
(Emphasis added.) The promissory note executed by the Lotts provided, in pertinent part:
 "FOR VALUE RECEIVED, the undersigned, hereinafter referred to as makers, individually and jointly, promise to pay to EUGENE TARVER and THERESE TARVER, hereinafter referred to as payees, or order, the principal sum of Forty-two Thousand and 00/100 Dollars ($42,000.00) with interest thereon from date at the rate of 14.75% per year. The said principal and interest shall be payable as follows:
 "In eighty-four (84) consecutive monthly installments of Five Hundred Fifty and 00/100 Dollars ($550.00) each, commencing on the 1st day of April 1993, and a like or similar installment on the same day of each succeeding month thereafter until the entire remaining balance of principal and interest are fully paid. Said installments to be applied first to the interest then due and the balance, if any, to be applied on the principal. Any installment which is more than ten (10) days past due shall incur a late charge of 5% of the installment to be collected with payment.
 "Payments shall be made to payees at Commercial Credit or at such other location as payees may designate in writing from time to time."
In 1996, the Lotts, at their request, received from Commercial Credit, a 1995 "interest statement." When the Lotts asked about the large amount of money that was being applied to the payment of interest rather than to the principal, they discovered that the Tarver's mortgage was a 15-year mortgage rather than a 10-year mortgage and that at the time the Lotts purchased the home the Tarvers had made only one year's payments on the mortgage debt instead of three. On January 27, 1997, the Lotts filed this action, claiming fraud by misrepresentation in relation to the number of years remaining on the mortgage. The Tarvers, arguing that the claim was barred by the statute of limitations, moved for a summary judgment. The trial court entered a summary judgment for the Tarvers.
Under Rule 56(c)(3), Ala.R.Civ.P., a summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.Olympia Produce Co. v. Associates Fin. Servs. of Alabama, Inc.,584 So.2d 477 (Ala. 1991). The burden is on the moving party to show that no material fact is in dispute. Once the moving party has made a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to present "substantial evidence" creating a genuine issue of material fact.Cobb v. Southeast Toyota Distribs., Inc., 569 So.2d 395 (Ala. 1990). For evidence to be considered "substantial," it must be of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." *Page 397 West v. Founders Life Assurance Co. of Florida, 547 So.2d 870,871 (Ala. 1989). Our review of a summary judgment is de novo.Lipham v. General Motors Corp., 665 So.2d 190
(Ala. 1995). This Court must also view the evidence in a light most favorable to the nonmovant. Hanners v. Balfour Guthrie,Inc., 564 So.2d 412, 413 (Ala. 1990).
An action alleging fraudulent misrepresentation is subject to a two-year statute of limitations. § 6-2-38(l), Ala. Code 1975. However, this statutory period does not begin to run until the date the plaintiff has actual or constructive notice of the fraud. § 6-2-3, Ala. Code 1975.[1] Thus, we have held that the period prescribed for filing a claim begins to run when the plaintiff, acting in the exercise of ordinary care, should have discovered the misrepresentation. Haines v. Tonning, 579 So.2d 1308,1309-10 (Ala. 1991).
The alleged misrepresentation would have occurred in March 1993. The Lotts filed this action on January 27, 1997, long after the two-year statutory period for filing a fraud claim would have expired. However, the Lotts argue that they did not actually discover the fraud until January 1996, when Commercial Credit provided them with a copy of the Tarvers' mortgage; thus, they claim the statutory limitations period did not begin to run until January 1996. The Lotts also argue that in determining when the statutory limitations period began to run the trial court improperly applied the "reasonable reliance" standard instead of the "justifiable reliance" standard. This action was filed before March 14, 1997; therefore, the "justifiable reliance" standard applies. Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala. 1997).
It is well settled that the "adoption of the subjective standard of justifiable reliance did not change the objective standard used to determine when a party should have discovered fraud for the purpose of the statute of limitations." Hicks v.Globe Life Acc. Ins. Co., 584 So.2d 458, 463 (Ala. 1991). InMcGowan v. Chrysler Corp., 631 So.2d 842 (Ala. 1993), this Court wrote:
 "`The question of when a party discovered or should have discovered fraud [so as to commence the running of the limitations period] is for the jury. Vandegrift v. Lagrone, 477 So.2d 292, 295
(Ala. 1985).' However, there are times when this question is removed from the purview of the jury. `The question of when a plaintiff should have discovered fraud should be taken away from the jury and decided as a matter of law only in cases where the plaintiff actually knew of facts that would put a reasonable person on notice of fraud.' Hicks, supra, 584 So.2d at 463 (emphasis original). Thus, it is the knowledge of such facts that would have alerted a reasonable person to the existence of a potential fraud, and not actual knowledge of the fraud itself, that determines whether the question of the tolling of the limitations period in a fraud case can be decided as a matter of law."
Id. at 845.
The Tarvers contend that the Lotts were placed on "legal notice" of the alleged fraud at the time they purchased the property because, they say, the Tarvers' mortgage was duly recorded and it clearly indicated that the scheduled date for the final payment on the Tarvers' debt secured by the mortgage was February 1, 2007. They argue that this legal notice defeats any argument that the running of the limitations period was tolled. The Tarvers rely on Haines v. Tonning, 579 So.2d 1308 (Ala. 1991). In Haines, the purchaser of real estate filed a fraud claim against the *Page 398 
seller nearly 13 years after the sale had occurred. The purchaser alleged that the deed description of the land overlapped with the deed description of another parcel of land the seller had sold earlier to a third party. The third party had recorded his deed. This Court held that that recorded deed constituted conclusive notice of the alleged fraud:
 "Under Ala. Code 1975, § 35-4-90, the proper recordation of an instrument constitutes `conclusive notice to all the world of everything that appears from the face' of the instrument. Christopher v. Shockley, 199 Ala. 681, 682, 75 So. 158, 158 (1917). Thus, purchasers of real estate are `presumed to have examined the title records and knowledge of the contents of those records is imputed [to them].' Walker v. Wilson, 469 So.2d 580, 582 (Ala. 1985) (quoting J.H. Morris, Inc. v. Indian Hill, Inc., 282 Ala. 443, 212 So.2d 831 (1968))."
Id. at 1310. See also Clay v. Walden Joint Venture, 611 So.2d 254
(Ala. 1992).
The record indicates that the Lotts, while negotiating for the purchase of the Tarvers' house, contacted Commercial Credit in an attempt to verify the terms of the Tarvers' mortgage; however, Commercial Credit refused to provide them with any information, because they were not signatories to the mortgage. The record does not indicate that the Lotts made any further attempts to obtain information about the terms of the Tarvers' mortgage or about the unpaid balance of the debt secured by that mortgage, and it does not indicate that they asked the Tarvers to provide them with a copy of the mortgage.
The vendor's lien deed clearly states that the property is subject to a mortgage executed by the Tarvers to Commercial Credit Corporation. The deed shows the exact volume and page number where the Tarvers' mortgage is recorded in the real property records in the Mobile County probate office. The recorded document shows on its face that the final payment on the Tarvers' mortgage is due February 1, 2007. Simple addition shows that the mortgage debt could not have been paid off in the 84-month period mentioned in the promissory note.
Assuming, without deciding, that the Tarvers fraudulently misrepresented the number of years remaining on their mortgage debt, the Lotts had constructive knowledge of information that should have put them on notice that the alleged representation they complain of was not true; through the use of ordinary care, the Lotts should have been on notice from the moment they purchased the home in March 1993, because the Tarvers' mortgage had been recorded on January 24, 1992. Thus, the Lotts' fraud action, filed nearly four years after the date of the transaction in which the fraud is alleged to have occurred, is barred by the two-year statute of limitations. We therefore affirm the summary judgment.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, and Johnstone, JJ., concur.
[1] Section 6-2-3 provides:
 "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting fraud, after which he must have two years within which to prosecute his action."