R.R. Sanders appeals from a summary judgment in favor of Peoples Bank and Trust Company ("Peoples Bank") on Sanders's third-party complaint against Peoples Bank. We affirm.
On January 11, 1966, Norman Wayne Kramer and Inez M. Kramer purchased from Sanders "[t]he W½ of Lot 4 in Block 1 and improvements thereon in Houston Heights" (hereinafter referred to as "the subject property") and they executed a mortgage to Sanders to secure a note for $24,000 ("the mortgage"). The debt secured by the mortgage was
 "[p]ayable in equal and consecutive monthly installments of $200.00 each, with the said installment payments commencing on March 1, 1966, and with each and every subsequent installment being due and payable on the first (1st) day of each month thereafter until paid in full, and with any installments not being paid on the day when the same is due bearing interest at the rate of eight [percent] (8%) per annum."
On January 14, 1966, the mortgage was recorded. On February 25, 1966, Sanders and his wife, Gloria M. Sanders, assigned the mortgage to Greenville Bank. On March 7, 1966, this "Assignment of Real Estate Mortgage" was recorded. In 1984, Greenville Bank merged with Peoples Bank.
Norman Wayne Kramer died in December 1992. On December 19, 1995, an attorney, apparently acting on behalf of Sammie Kramer, the Kramers' daughter, wrote Al Landwehr, a real-estate loan officer with Peoples Bank, requesting that Peoples Bank issue a satisfaction and release of the mortgage. On December 22, 1995, Landwehr executed a corporate cancellation and release of the mortgage, and this document was recorded on December 28, 1995.
On April 5, 1996, Inez M. Kramer and Sammie Kramer Martin conveyed the subject property by warranty deed to Sammie *Page 685 
Kramer Martin. On November 7, 1996, this deed was recorded. In August 1998, Martin obtained a loan from The Mortgage Outlet, Inc., in the amount of $32,000, giving it a mortgage securing the debt, and in March 2000, Martin obtained a loan from Home Capital, Inc., in the amount of $67,000, giving Home Capital a mortgage on the subject property to secure that debt.
In October 1999, Sanders caused to be published in a local newspaper in Houston County a notice of foreclosure, advertising his intent to foreclose on the January 1966 mortgage between the Kramers and Sanders, on October 14, 1999. On October 13, 1999, Martin, as guardian of her mother, Inez M. Kramer,[1] applied for a temporary restraining order and moved for a preliminary injunction, seeking to enjoin Sanders from foreclosing on the mortgage on the subject property. On that same date, the trial court issued a temporary restraining order, enjoining the foreclosure until the court had conducted a final hearing or had entered a further order.
In December 1999, Sanders filed an answer to Martin's application for a temporary restraining order and her motion for a preliminary injunction, denying that the mortgage debt had been paid and contending that he had every right to proceed with foreclosure of the mortgage. With his answer, Sanders filed a counterclaim and a third-party complaint against Peoples Bank, alleging that Peoples Bank had "unlawfully and wrongfully allowed the real estate mortgage owed to [Sanders] by [the Kramers] to be satisfied of record without the knowledge, consent, or participation of [Sanders]."
Peoples Bank answered the third-party complaint, contending that Sanders's claim was barred by the statute of limitations, § 6-2-38, Ala. Code 1975, and it filed a cross-claim against Martin. Thereafter, Martin filed answers to Sanders's counterclaim and Peoples Bank's cross-claim.
In August 2000, Peoples Bank moved for a summary judgment on the third-party complaint, contending that Sanders's right to make a claim against Peoples Bank for its actions in December 1995 was barred by the two-year statute of limitations. Specifically, Peoples Bank argued:
 "Sanders claims the Peoples Bank `unlawfully and wrongfully' satisfied the Kramer mortgage. An allegation of such conduct would either be an allegation of negligent conduct, wanton misconduct, or perhaps slander of title. All of these actions must be commenced within two years of the date of the event. Section 6-2-38, Ala. Code 1975. The mortgage satisfaction was placed on the public record on December 28, 1995; therefore, on December 28, 1997, Sanders' claims against Peoples Bank became barred by the statute of limitations. As a result, Sanders' [third-party complaint] against the Peoples Bank is due to be dismissed on the grounds that it is barred by the statute of limitations."
Sanders filed a response in opposition to the summary-judgment motion, stating:
 "[T]he subject mortgage was merely assigned by Sanders to [Peoples] Bank as collateral on a loan made by the Bank to Sanders; that the Sanders loan and mortgage to the Bank had been paid in full by Sanders many years ago; that the [Kramer] mortgage should have been reassigned by the Bank back to Sanders at the time his mortgage was paid, but the Bank failed to do so; that *Page 686 
 the Bank did not notify Sanders or obtain his permission to satisfy the [Kramer] mortgage of record; that such satisfaction of record by the Bank was not known or discovered by Sanders until this suit was filed by [Martin]; that payments had been made by the [Kramers] to Sanders over the years . . . until the year 1995 . . .; and that [Martin] now in this suit claims the Bank's satisfaction as a bar to foreclosure."
The trial court entered a summary judgment in favor of Peoples Bank on the third-party complaint Sanders had filed against Peoples Bank. Thereafter, Peoples Bank moved to make the summary judgment final, pursuant to Rule 54(b), Ala.R.Civ.P., and the trial court granted the motion. This appeal followed.
Rule 56(c)(3), Ala.R.Civ.P., provides that a summary judgment is appropriate in situations where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." It is well settled that the moving party has the burden of establishing that no material fact is in dispute. Lott v. Tarver,741 So.2d 394, 395 (Ala. 1999). Once the moving party has met this burden, the burden shifts to the nonmoving party to present substantial evidence creating a genuine issue of material fact. Lott, 741 So.2d 394. "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
Sanders contends that the statutory limitations period on his cause of action against Peoples Bank did not begin to run until October 1999, when Martin instituted the present action, for it was then that Sanders discovered that Peoples Bank had recorded a satisfaction of mortgage in December 1995 and that Martin was contending that this satisfaction of record was a bar to Sanders's attempt to foreclose the mortgage.
Peoples Bank argues that Sanders's claim against it is barred by the two-year statute of limitations and that the tolling of the running of the limitations period under the "discovery rule" (see § 6-2-3, Ala. Code 1975) applies only to fraud actions and does not apply to actions based upon allegations of negligent or wanton conduct. Henson v. CelticLife Ins. Co., 621 So.2d 1268, 1274 (Ala. 1993); § 6-2-38, Ala. Code 1975. We agree.
This action is different from Ex parte Floyd, [Ms. 1990900, February 23, 2001] So.2d (Ala. 2001). Sanders had no title of record. It is undisputed that Sanders, as mortgagee, had assigned the mortgage to Peoples Bank and that the assignment had been recorded. There was no forgery of the instrument assigning the mortgage to Peoples Bank. Peoples Bank, which held title to the mortgage, satisfied that mortgage. If it did so negligently, then its negligence occurred when it satisfied the mortgage, and that was more than two years before Sanders filed this action.
We conclude that the trial court correctly entered the summary judgment in favor of Peoples Bank. That judgment is affirmed.
AFFIRMED.
Moore, C.J., and Johnstone, J., concur.
Lyons and Woodall, JJ., concur in the result.
[1] Inez M. Kramer suffers from Alzheimer's disease and has been adjudicated non compos mentis. *Page 687