Lester Jack Smith and Linda S. Smith, the sellers of certain real property in Bridgeport, appeal from a judgment entered by the Jackson Circuit Court on a jury verdict in favor of Ricky D. Evans, the purchaser of that property, on Evans's claim of fraud as to the location of the boundary lines of the property conveyed. *Page 775 
Because we conclude that the Evans's fraud claim is barred by the applicable statute of limitations, we reverse and remand.
The record reveals that Evans called upon Mr. Smith in April 1988 in response to a newspaper advertisement concerning the availability of real estate for sale in Bridgeport close to a National Guard armory. When Evans told Mr. Smith that he wanted to purchase property for the possible placement of a manufactured home, Mr. Smith accompanied Evans and Evans's brother to the two lots he proposed to sell to Evans; these unimproved lots were adjacent to both Fifth Street and "Gunter Avenue" (which apparently was an unopened thoroughfare at that time). According to Evans's testimony, Mr. Smith made several representations at that time, including that he had had the property surveyed, that the two lots measured 150 feet by 100 feet, and that the back corners of the two lots (i.e., those farthest from Fifth Street) were marked by a fence row and a large tree that he pointed out to Evans while they were on the land.
Evans subsequently agreed to pay $2,000 for the two lots, and in consideration of that sum the Smiths on April 21, 1988, gave Evans a deed to the two lots that Mr. Smith had shown Evans. That deed contains the following description of the land made the subject of the conveyance:
 "Lots twenty-three (23) and twenty-four (24) of Block 236, in the City of Bridgeport, Alabama, as shown by the official map or plat of the City of Bridgeport, Alabama, as the same is recorded in Plat Book A at pages 41-45 in the Probate Office of Jackson County, Alabama, and to which reference is hereby made for a more complete or accurate description of said lots."
The plat of the City of Bridgeport shows that the lots in Block 236 are contiguous rectangles, numbered 1 to 12 on one side of a 10-foot gap and 13 to 24 on the other side of that gap; the lots measure 150 feet by 50 feet. According to the plat, one 150-foot-long side of lot 24 faces Fifth Street, while the other 150-foot-long side of lot 24 abuts one long side of lot 23, whose other long side abuts lot 22, and so on. The plat also shows that both lot 24 and lot 23 have a 50-foot-long short side that is adjacent to "Gunter Avenue" and another 50-foot-long short side that abuts the 10-foot-wide gap separating lots 24 and 23 from lots 12 and 11.[1] It is undisputed that Evans did not examine the probate records concerning the plat before purchasing the property and that he did not have the two lots surveyed at the time the property was conveyed.
Evans subsequently cleared and improved the lots and placed a manufactured home "in the middle" of where Mr. Smith had indicated the boundaries to be. In 1996, he replaced that home with a larger structure in the same approximate location. However, in 1997, Evans was contacted by the owner of lots 11 and 12, who informed him that the manufactured home was encroaching on those lots. Evans then commissioned a survey of his property, which revealed that his manufactured home indeed was encroaching on lots 11 and 12 (as well as on the 10-foot-wide gap between those lots). Evans then moved the manufactured home so that it was located upon his own property, incurring, among other things, costs of just over $11,000 to level lots 23 and 24 and to move the home off lots 11 and 12.
Evans sued the Smiths in February 1998, alleging that Mr. Smith had committed fraud in representing the boundaries *Page 776 
of the property before the April 1988 conveyance. The Smiths answered and pleaded, among other things, the statute of limitations as an affirmative defense to Evans's action. The Smiths later moved for a summary judgment on the ground that Evans's action was time-barred; however, that motion was denied. The case was then tried to a jury. At the close of Evans's case and at the close of all the evidence, the Smiths moved for the entry of a judgment as a matter of law in their favor based upon the statute of limitations (see Rule 50(a), Ala.R.Civ.P.); the trial court declined to enter such a judgment, but gave the jury an instruction regarding that defense. The jury returned a verdict in favor of Evans and assessed damages at $11,000; the trial court entered a judgment on that verdict. The Smiths then renewed their motion for a judgment as a matter of law (see Rule 50(b), Ala.R.Civ.P.) and moved, in the alternative, for a new trial (see Rule 59(a), Ala.R.Civ.P.), again asserting, among other things, the statute of limitations; however, the trial court denied the relief sought by the Smiths. On appeal, the Smiths have restated their contention that Evans's fraud action was time-barred, as well as asserting that the damages award is improper.
Under Alabama law, a cause of action for fraud based upon a misrepresentation arises where a party reasonably relies upon a misrepresentation of a material fact and suffers damage because of his or her reliance. Ex parte ERA Marie McConnell Realty, Inc., 774 So.2d 588,591 (Ala. 2000). Actions based upon such causes of action are subject to § 6-2-38(l), Ala. Code 1975, the residual personal-injury statute of limitations, which requires that "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated" elsewhere in the Code "must be brought within two years."See Lott v. Tarver, 741 So.2d 394, 397 (Ala. 1999) (stating that an action alleging fraudulent misrepresentation is governed by §6-2-38(l)). We note that Evans's action was brought more than nine years after he had agreed to purchase the property and had paid the purchase price for lots 23 and 24 in April 1988.
However, § 6-2-3, Ala. Code 1975, provides that a fraud claim "must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action." Thus, "the period prescribed for filing a claim begins to run when the plaintiff, acting in the exercise of ordinary care, should have discovered the misrepresentation," i.e., "the date the plaintiff has actual orconstructive notice of the fraud." Lott, 741 So.2d at 397 (emphasis added). Moreover, because Evans's claim was filed after March 14, 1997, the "objective standards" of law set forth in Foremost Insurance Co. v.Parham, 693 So.2d 409 (Ala. 1997), apply to his claim; under that case, the limitations period begins to run when a plaintiff becomes privy to facts that would provoke inquiry in the mind of a person of reasonableprudence and that (if followed up) would have led to the discovery of the fraud. See Auto-Owners Ins. Co. v. Abston, 822 So.2d 1187, 1195 (Ala. 2001).
Among the authorities cited by the Smiths in their brief is Geans v.McCaig, 512 So.2d 1308 (Ala. 1987). In Geans, the grantors of certain real estate gave the grantees a deed in 1979 describing the property conveyed as being two numbered lots and part of a third numbered lot "`in Government Park Addition # 2, a subdivision in Colbert County, Alabama known and designated according to the plat in Map book 2, page 361 in the Office of the Judge of Probate.'" 512 So.2d at 1309. However, in December 1983, the grantees sued the grantors, alleging that one of the *Page 777 
grantors had represented that the property "consisted of five acres or more" and that during a showing of the property, that grantor had stated that the property "extended to a fence on the southern boundary," but that the property actually conveyed "f[ell] short of the fence by 100 feet or more and . . . contain[ed] less than 2½ acres." Id. The trial court directed a verdict in favor of the grantors at the close of the grantees' evidence because the grantees' suit was not brought within the time limit specified by § 6-2-3,[2] noting that "`the description on the deed which [the grantees] received refers to lots and is of record and it shows the dimensions'" of the property conveyed, and indicating that the grantees could have discovered the alleged fraud "`just [by] going over to the courthouse and looking at the plat which shows the dimensions of the lots that [the grantees] bought.'" 512 So.2d at 1309-10.
On appeal, the Alabama Supreme Court affirmed the directed verdict in favor of the grantors based upon the statute of limitations. The Supreme Court noted that the recorded plat to which the grantees' deed had referred showed that the largest of the three lots conveyed was 122 feet wide and 305 feet long and that the length of each of the other two lots was noticeably shorter, and that "[s]imple calculation" would show that the three lots could not have made up more than 2½ acres in area. 512 So.2d at 1309. In addition to the size differential of the property as allegedly represented by one of the grantors and as shown on the plats, however, the Supreme Court noted that a subsequent survey had shown that the fence allegedly pointed out during the exhibition of the property "range[d] between 65 and 75 feet south of the southern boundary of the lots as described on the plats." Id. The Supreme Court then noted that under § 6-2-3, "facts constituting fraud are considered to have been discovered when they ought to have been discovered through reasonable diligence." Id.
Geans, therefore, can be said to stand for the proposition that one who seeks to acquire a parcel of real property is on constructive notice of those facts that an examination of probate records would reveal. That principle was underscored in Haines v. Tonning, 579 So.2d 1308 (Ala. 1991), in which the Supreme Court reasoned that "[u]nder Ala. Code 1975, § 35-4-90, the proper recordation of an instrument constitutes `conclusive notice to all the world of everything that appears from the face' of the instrument" and that "purchasers of real estate are `presumed to have examined the title records and knowledge of the contents of those records is imputed [to them].'" 579 So.2d at 1310 (quotingChristopher v. Shockley, 199 Ala. 681, 682, 75 So. 158, 158 (1917) andWalker v. Wilson, 469 So.2d 580, 582 (Ala. 1985)); accord, Lott,741 So.2d 398.
In this case, Evans claims to have been told that one of the boundaries of the real property he sought to purchase was marked by landmarks that were not, in fact, located on lots 23 and 24 of Block 236 of the City of Bridgeport plat. However, once the Smiths had given Evans a deed describing the land they were conveying as being numbered lots on a recorded plat open to public inspection, Evans was capable of examining that plat and determining that the actual dimensions of each lot were no greater than 150 feet by 50 feet. After such an examination, Evans would have known that the boundary of his property was where it abutted the 10-foot-wide gap between lots 23 and 24 and lots 11 and 12, *Page 778 
rather than a line indicated by landmarks that were not actually located on lots 23 and 24. Moreover, Evans admitted at trial that had he examined the plat before purchasing the property, he would not have bought the property.
Although the question of when the party discovered or should have discovered the fraud is generally one for the jury, it may be decided as a matter of law where the plaintiff actually knew of facts that would have put a reasonable person on notice of the fraud. See Liberty Nat'lLife Ins. Co. v. Parker, 703 So.2d 307, 308 (Ala. 1997). Based upon the facts and authorities we have set forth, we conclude that the Smiths have demonstrated that Evans's claim was time-barred as a matter of law because he should have discovered the alleged fraud at the time he received his deed in April 1988, and that the trial court therefore erred in submitting to the jury the question of when Evans discovered the alleged fraud of Mr. Smith. We reverse the trial court's judgment in favor of Evans and remand the cause for the entry of a judgment in favor of the Smiths.[3]
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates, P.J., and Crawley, Thompson, and Pittman, JJ., concur.
[1] A survey map prepared for Evans in 1997 reveals that this "gap" is actually an unopened alleyway between lots 1-12 and lots 13-24 in Block 236.
[2] At that time, § 6-2-3 provided for a one-year period after a person's discovery of a fraud within which that person could bring an action based upon that fraud. Geans, 512 So.2d at 1309.
[3] In light of our reversal on the limitations issue, we do not reach the propriety of the damages award.